UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEALTHEON, INC. | * | SECTION |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| B&S EQUIPMENT CO. INC., | * | MAGISTRATE |
| B&B FIRE AND SAFETY SERVICES, | * | |
| INC., et al | * | |

* * * * * * * * * * * * * * * * * *

**COMPLAINT**

The plaintiff, Healtheon, Inc. ("Healtheon"), brings the following complaint against the defendants, B&S Equipment Company, Inc., B&B Fire and Safety Services, Inc., REC Marine Logistics, Inc., Industrial Labor and Equipment Services, LLC, Caillou Island Towing, Inc., Robichaux Equipment, Inc., and K&K Marine, LLC, and avers as follows:

**PARTIES**

1)   The plaintiff, Healtheon, is a foreign corporation doing business in the State of Louisiana, with its principal place of business within Louisiana located at 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana.

2)   The defendant, B&S Equipment Co., Inc. (hereinafter "B&S"), is a corporation incorporated under the laws of the State of Louisiana, with its principal office and place of business located at 1548 Avenue A, Marrero, Louisiana.

3) The defendant, B&B Fire and Safety Services, Inc. (hereinafter "B&B"), is a corporation incorporated under the laws of the State of Louisiana, with its principal office and place of business located at 319 E. Milton Avenue, Lafayette, Louisiana.

4) The defendant, REC Marine Logistics, LLC (hereinafter "REC Marine"), is a limited liability company organized under the laws of the State of Louisiana, with its principal office and place of business located at 200 Highway 3161, Cut Off, Louisiana.

5) The defendant, Industrial Labor & Equipment Services, LLC (hereinafter "ILES"), is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business located at 10624 Highway 23, Belle Chase, Louisiana .

6) The defendant, Caillou Island Towing, Inc. (hereinafter "Caillou"), is a corporation incorporated under the laws of the State of Louisiana, with its principal place of business located at 1211 Bayou La Carpe Road, Houma, Louisiana.

7) The defendant, Robichaux Equipment, Inc. (hereinafter "Robichaux"), is a corporation incorporated under the laws of the State of Louisiana, with its principal place of business located at 120 Dean Road, Houma, Louisiana.

8) The defendant, K&K Marine, LLC (hereinafter "K&K"), is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business located at 1000 Lake Palourde Road, Amelia, Louisiana.

## JURISDICTION

9) This Court has jurisdiction over the claims asserted by Healtheon against all parties pursuant to 28 U.S.C. §1332, 28 U.S.C. §1331 and 28 U.S.C. §1333.  Healtheon elects to designate these claims as maritime claims pursuant to FED. R. CIV. P. 9(h).

## VENUE

10)    Venue is proper in this district as one or more of the defendants have their principal place of business in this district and the work performed under certain contracts was performed or was to be performed in this district.

## BACKGROUND

11)    On or about August 11, 2009, Healtheon was awarded a contract by the United States Army Corps of Engineers for Project Number ED-09-54, under contract number W912P8-09-D-0043, Task Order 0002, to perform certain construction, alteration and repair work to the East and West jetties located near the Port Fourchon Navigation Channel. *See* Solicitation, Offer and Award, attached as Exhibit 1, and plead as if fully set forth herein.

12)    On October 29, 2009, Healtheon entered into a contract with B&S, numbered No. 0918-004, through which B&S was to perform certain work, including digging flotation access at the Port Fourchon Navigation Channel.  *See* Subcontract Agreement No. 0918-004 between Healtheon and B&S, dated October 29, 2009, attached as Exhibit 2, and plead as if fully set forth herein.

13)    On December 23, 2009, Healtheon entered into a contract numbered No. 0918-005 with B&B to provide labor, material, and equipment to perform, amongst other things, jetty stone placement upon the navigable waters of the United States of America.  Healtheon's subcontract with B&B was modified three times, on January 7, 2010, January 11, 2010, and March 5, 2010.  *See* Subcontract Agreement No. 0918-005 between Healtheon Inc., and B&B Fire and Safety Services, dated December 23, 2009, with Executed Standard Form 1413, as well as contract modifications dated January 7, January 11, and March 5, 2010, attached *in globo* as Exhibit 3, and plead as if fully set forth herein.

14) Additionally, B&B executed several Waivers and Releases for All Liens and Claims for Payment on January 29, 2010, February 19, 2010, and March 26, 2010. *See* executed Waivers and Releases for All Liens and Claims for Payment, executed January 29, 2010, February 19, 2010, and March 26, 2010, attached *in globo* as Exhibit 4, and plead as if fully set forth herein.

15) Upon information and belief, B&S contracted with several contractors, including but not limited to K&K Marine and other contractors that may be unknown to Healtheon, to perform portions of its work. *See e.g.* Demand by K&K Marine dated October 4, 2010, addressed to Healtheon, and attached as Exhibit 5.

16) Like B&S, B&B also subcontracted with several other subcontractors to perform portions of its work, including but not limited to REC Marine and ILES, which in turn contracted with several other subcontractors, including but not limited to Caillou, Robichaux and other contractors that may be unknown to Healtheon.

17) The work that B&S and its subcontractors were to perform included but was not limited to the digging flotation access for the Port Fourchon navigation channel. This work was integral to the original plan of work for the entire project, the project's timely completion, and within the project's critical path.

18) The work B&B was to perform, as well as that of REC Marine, ILES, Caillou, and Robichaux, and/or other subcontractors, included, upon information and belief, the chartering/leasing/operating of vessels, barges, and construction equipment, digging flotation access of the Port Fourchon Navigation Channel, and the placement of stone at the appropriate jetty locations in Lafourche Parish.

19) The defendants failed to properly perform their work on this project, failed to timely complete their work, failed to utilize/obtain proper equipment in their work on the project, failed to provide proper equipment, labor and, materials for the project, failed to fulfill their contractual obligations and have caused Healtheon damages.

20) Upon information and belief, REC Marine did not fulfill its contractual obligations to B&B and "walked off of the job" causing Healtheon damages.

21) In order to mitigate its damages, and as a result of the actions or inactions of B&S, B&B, REC Marine, ILES, Caillou, Robichaux, K&K and other subcontractors retained on this project, including subcontractors that may be unknown to Healtheon at this time, Healtheon was forced to retain other contractors to perform replacement work on the project.

22) Furthermore, as a result of the actions or inactions of the defendants, including other subcontractors that may be unknown to Healtheon at this time, Healtheon suffered delays on the project, as well as liquidated damages assessed against it, replacement costs, unabsorbed overhead, lost production, loss of reputation, and other damages that now total in excess of $3,500,000.00, which amounts continue to accrue.

23) All defendants but B&B have filed the claims against Healtheon and its surety, The Hanover Insurance Group (hereinafter "Hanover"), asserting claims under the Miller Act, 40 U.S.C. §3131.

24) As a result of these claims, the following lawsuits were filed against Healtheon and Hanover, and Healtheon anticipates that more claims may be filed against it:

    a. *U.S. Ex Rel for Use and Benefit of B&S Equipment Co. Inc., v. Healtheon, Inc.,* Civ. A. No. 2:10-cv-01105 (consolidated with *U.S. Ex Rel for Use*

5

    *and Benefit of B&S Equipment Co. Inc., v. The Hanover Insurance Group* Civ. A. No. 2:10-cv-1711);

 b. *U.S. Ex Rel for Use and Benefit of REC Marine Logistics v. B&B Fire and Safety Services, et al.* Civ A. No. 2:10-cv-1895;

 c. *U.S. Ex Rel for Use and Benefit of Industrial Labor & Equipment Services, LLC v. Healtheon, Inc., and the Hanover Insurance Company,* Civ. A. No. 2:10-cv-0139 (intervention filed on behalf of Robichaux Equipment); and

 d. *U.S. Ex Rel for Use and Benefit of Caillou Island Towing., Inc., v. Healtheon, Inc. and the Hanover Insurance Company,* Civ. A. No. 2:10-cv-01621.

## **CAUSES OF ACTION**

25) Healtheon incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

### **Breach of Maritime Contract**

26) In response to the allegations made against Healtheon and Hanover in the above-referenced lawsuits, as well as claims asserted by their subcontractors including K&K, Healtheon avers that B&S and B&B have breached their contractual obligations to Healtheon by failing to, *inter alia*, defend and indemnify Healtheon from the claims asserted by their respective subcontractors.

27) Further, Healtheon avers that B&S and/or B&B failed to secure additional assured status and/or otherwise comply with their obligations to obtain necessary insurance coverage

and/or notify their respective insurers to defend and indemnify Healtheon from these lawsuits as required under their agreements with Healtheon.

28) Healtheon made demands for defense and indemnity to B&B pursuant to the claims outlined above. B&B failed to abide by its respective contractual defense and indemnity obligations owed to Healtheon in relation to this lawsuit. All conditions precedent have been performed, or except as alleged, have occurred.

29) Healtheon demands defense and indemnity from B&S and B&B for the claims asserted by REC Marine, ILES, Caillou, Robichaux and/or K&K Marine as well as for claims that may be asserted against Healtheon by other subcontractors of the defendants.

30) B&S and B&B breached their contracts with Healtheon by, *inter alia*, failing to timely pay their subcontractors sums that may have been due, failing to properly invoice Healtheon for work performed, failing to adequately perform the work they contracted to perform and also failing to pay subcontractors they retained, including the remaining defendants as well as other subcontractors that may be unknown to Healtheon at this time. B&S and B&B are liable for breach of contract for other actions or inactions that will be proven at trial.

### Breach of Maritime Warranties

31) The defendants, as well as other subcontractors that may be unknown to Healtheon at this time, have breached express warranties to Healtheon and have also breached their warranties of workmanlike performance, performed their work in a negligent matter, performed their work in an untimely manner and have caused Healtheon damages.

### Negligence

32) The defendants, as well as other subcontractors that may be unknown to Healtheon at this time, performed their scope of work in a manner that did not rise to the

applicable standard of care under the general maritime law as well as the standard of care required for a subcontractor in Louisiana.

33) The work performed by the defendants, as well as other subcontractors that may be unknown to Healtheon at this time, was performed so poorly that it failed to conform to the scope of work provided by their contracts.

34) Healtheon expressly reserves the right to amend this complaint and to add additional parties to this matter.

WHEREFORE, Healtheon, Inc. prays:

That this complaint be deemed good and sufficient, and after due proceedings, there be judgment rendered in favor of Healtheon and against B&S Equipment Company, Inc., B&B Fire and Safety Services, Inc., REC Marine Logistics, Inc., Industrial Labor and Equipment Services, Inc., Caillou Island Towing, Inc., Robichaux Equipment, Inc., K&K Marine, LLC, finding them jointly and severally liable; and

That this Court enters a judgment in favor of Healtheon in excess of $3,500,000.00, exclusive of judicial interest, costs, and all other general and equitable relief this Court may deem to award including attorneys fees.

Respectfully submitted,

/s/ *Jason P. Waguespack*
JASON P. WAGUESPACK (#21123)
MICHAEL D. LONEGRASS (#28124)
JEFFREY P. GREEN (#30531)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Counsel for HEALTHEON, INC.